UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTA FELIZ, individually, and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  -against-<br><br>IHEALTH LABS INC.,<br><br>         Defendant. | Case No. 23-cv-00354 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Roberta Feliz ("Feliz" or "Plaintiff"), a visually impaired and legally blind person, brings this putative class action alleging that she was denied full and equal access to a website operated by IHealth Labs Inc. ("IHealth" or "Defendant") in violation of federal and state law. *See* ECF No. 16 (the "First Amended Complaint" or "FAC"). IHealth moves to dismiss the claims brought against it in the First Amended Complaint. *See* ECF No. 20 ("Br."). For the reasons stated below, the motion to dismiss is GRANTED.

## BACKGROUND

### I. Factual Background

The following facts are drawn from Feliz's First Amended Complaint and accepted as true for purposes of the motion. *See* FAC. Plaintiff is a visually impaired and legally blind person who uses screen-reading software. *Id.* ¶¶ 1, 21. Defendant is a California company that owns and operates the website www.ihealthlabs.com (the "Website"). *Id.* ¶¶ 1, 15. Defendant sells various healthcare products on the Website, including COVID-19 tests. *Id.* ¶ 26. Plaintiff "trusts the healthcare products offered" on Defendant's Website and is interested in buying COVID-19 tests from that website. *Id.* ¶ 30.

1

Plaintiff has visited the Website "numerous times, most recently on January 4, 2023." *Id.* ¶ 6. On each occasion, she tried to purchase COVID-19 tests. *Id.*; *see id.* ¶ 30. While attempting to navigate the website, Plaintiff encountered several "Access Barriers," including that:

- Images, logos, and other non-text elements lack "alternative-text" that allows Plaintiff's screen-reader to describe them;

- "[E]mpty links" lack "adequate text descriptions, impeding Plaintiff's . . . ability to independently navigate the Website";

- The shopping cart's embedded link "does not specify its purpose," so Plaintiff's screen-reader cannot "direct Plaintiff to the shopping cart, announce when items have been added, or verbalize the cart details";

- Embedded and drop-down links are incompatible with Plaintiff's screen-reader, making it harder for Plaintiff to navigate the Website;

- The site requires a mouse, which Plaintiff cannot use successfully to navigate, click on links, or complete purchases; and

- The site's opening pop-up window is not designed for screen-readers, which keeps Plaintiff from accessing the main content on the website and enjoying additional discounts offered on the pop-up window.

*Id.* ¶ 28. Therefore, Plaintiff is unable "to browse and complete a purchase on the Website." *Id.* ¶ 30; *see id.* ¶ 29. She also cannot "enjoy the Website's features, including . . . information about the company, shipping and return policy, career, blog, and more." *Id.* ¶ 33. However, once these access barriers are resolved, Plaintiff "intends to return to the Website to complete her purchases." *Id.* ¶ 30.

Plaintiff alleges that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL"), by owning and operating a website that blocks her "from experiencing all of the Website's features, including the ability to complete a transaction

thereon," FAC ¶¶ 6-7. Plaintiff seeks, among other things, monetary damages, injunctive relief, and declaratory relief. *Id.* ¶ 8.

## II.   Procedural History

On January 15, 2023, Plaintiff filed a complaint against IHealth. ECF No. 1. Defendant moved to dismiss the complaint on April 14, 2023. ECF No. 10. In response, Plaintiff filed the operative First Amended Complaint on May 5, 2023. *See* FAC. IHealth moved to dismiss the First Amended Complaint on May 25, 2023. *See* Br. The motion is now fully briefed and presently before the Court. *See* ECF Nos. 24 ("Opp."), 25 ("Reply"), 27 (supplemental authority filed by Plaintiff).

## LEGAL STANDARD

IHealth moves to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(b)(2), and 12(b)(6). Br. at 1. "When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the Court must consider the Rule 12(b)(1) motion first." *Davis v. Wild Friends Foods, Inc.*, No. 22-cv-04244 (LJL), 2023 WL 4364465, at *3 (S.D.N.Y. July 5, 2023) (quoting *Reliability Inc. v. Doki*, No. 20-cv-07109 (KPF), 2021 WL 3408589, at *6 (S.D.N.Y. Aug. 4, 2021)). Therefore, the Court first addresses IHealth's motion to dismiss under Rule 12(b)(1).

A court properly dismisses a claim for lack of subject-matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To survive a Rule 12(b)(1) motion to dismiss for lack of standing, a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671

F.3d 140, 145 (2d Cir. 2011). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of [plaintiff]." *Cortlandt St.*, 790 F.3d at 417 (further brackets omitted; ellipsis in original) (quoting *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)). However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may also rely on evidence outside of the First Amended Complaint. *See Makarova*, 201 F.3d at 113.

## DISCUSSION

With respect to IHealth's motion to dismiss under Rule 12(b)(1), Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case – in other words, standing." *Id.* (quotation marks and citation omitted). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* "A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a similar way.'" *Calcano*, 36 F.4th at 74 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). At all stages of litigation, "'the party invoking federal jurisdiction bears the burden of establishing the elements' of Article III standing." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (brackets omitted) (quoting *Lujan v. Defs. of*

4

*Wildlife*, 504 U.S. 555, 561 (1992)); *see Calcano*, 36 F.4th at 75 (even "at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue'" (alteration adopted) (quoting *Cortlandt St.*, 790 F.3d at 417)).

"The ADA offers private plaintiffs the prospect of only injunctive relief, not compensatory damages." *Loadholt v. Oriental-Decor.com Inc.*, No. 22-cv-08205 (AS) (RWL), 2024 WL 78243, at *3 (S.D.N.Y. Jan. 4, 2024), *report and recommendation adopted*, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024); *see Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). To bring a claim under the ADA for injunctive relief, as is the case here, a plaintiff has alleged an injury in fact if "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)); *see Oriental-Decor.com Inc.*, 2024 WL 78243, at *4 ("Courts in this Circuit have recognized that the *Calcano* decision raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." (quotation marks and citation omitted)).

In the digital context of, for example, a website, a plaintiff can satisfy this intent-to-return requirement with "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website."

5

*Loadholt v. Dungarees, Inc.*, No. 22-cv-04699 (VEC), 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).  "[A] mere 'profession of an intent to return to the places' previously visited is 'not enough' to establish standing for prospective relief."  *Calcano*, 36 F.4th at 78 (quoting *Lujan*, 504 U.S. at 564).

Plaintiff's allegations in the First Amended Complaint regarding her intent to return to the website state only that she "still wants to purchase COVID-19 tests through the Website" and that she "intends to return to the Website to complete her purchases as soon as the Access Barriers are cured."  FAC ¶ 30.  Such "conclusory, boilerplate allegations fail to establish standing."  *Calcano*, 36 F.4th at 71.

In *Calcano*, the Second Circuit affirmed the district court's dismissal of five complaints in which the plaintiffs sued defendant stores under the ADA for failing to carry braille gift cards.  *Id.* at 71-72.  The Court held that the allegation that the plaintiffs intended to return to the stores for the gift cards did not support a plausible inference in favor of standing because the plaintiffs "offered only naked assertions of intent to return to [d]efendants' stores if they offer braille gift cards."  *Id.* at 77-78 (quotation marks and citation omitted).  Specifically, the complaints did not provide "any details about [the plaintiffs'] past visits or the frequency of such visits"; they did not "specify which stores they visited or what items they purchased"; and they did not "say why they want to purchase braille gift cards . . . so urgently."  *Id.* at 76-77 (emphasis omitted).

Here, the allegations concerning intent to return are akin to the pleadings deemed inadequate in *Calcano*.  Although Feliz alleges that she visited IHealth's website on multiple unspecified occasions, *see* FAC ¶ 30, she does not provide "any details about [her] past visits or the frequency of such visits," *Calcano*, 36 F.4th at 76 (emphasis omitted), beyond stating that her

6

most recent visit occurred on January 4, 2023, FAC ¶ 30. Nor does Feliz explain why she wants COVID-19 tests or "say why [she] want[s] to purchase" COVID-19 tests "so urgently that [she] intend[s] to do so immediately." *Calcano*, 36 F. 4th at 77 (quotation marks and citation omitted). On the contrary, Feliz alleges no facts as to her interest in COVID-19 tests "generally that would allow the Court reasonably to infer that the inaccessibility of Defendant's website 'caused h[er] concrete harm.'" *Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-00781 (VEC), 2023 WL 3511123, at *2 (S.D.N.Y. Apr. 28, 2023) (quoting *Harty*, 28 F.4th at 443). Insofar as Feliz describes her interest in COVID-19 tests in her opposition brief to IHealth's motion to dismiss, Opp. at 13-14; *see id.* at 12 (calling Plaintiff's interest "highly self-explanatory"), she does not explain why these details were not included in the First Amended Complaint, *see Amidax*, 671 F.3d at 145 (noting that a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue"). "In any event, these assertions *still* fail to allege any specific factual detail about" particular products – that is, the particular COVID-19 test – that Feliz is interested in purchasing on the Website. *Cromitie v. Imperial Wholesale, Inc.*, No. 22-cv-06919 (MKV), 2023 WL 5390437, at *3 (S.D.N.Y. Aug. 22, 2023).

The First Amended Complaint fails to allege other non-conclusory details sufficient to "nudge [her] claims 'across the line from conceivable to plausible.'" *Calcano*, 36 F. 4th at 76 (quoting *Iqbal*, 556 U.S. at 680). Although Feliz states that she "trusts the healthcare products offered on the Defendant's website," FAC ¶ 30, she does not allege that IHealth is the only retailer that sells trustworthy COVID-19 tests, or that he has searched for similar COVID-19 tests but has been unable to find them elsewhere at a comparable price point. *See Dungarees, Inc.*, 2023 WL 2024792, at *3 (applying a similar analysis); *id.* at *3 n.7 ("The Court does not intend to suggest that this degree of specificity is necessary to allege standing adequately in

every ADA case. But the Court also is not required to ignore reality."). Plaintiff includes no allegations in the First Amended Complaint as to why she prefers COVID-19 tests available from IHealth over those available from any other healthcare company or website.

Other courts have found allegations like those in the First Amended Complaint insufficient to establish the requisite intent to return. *See, e.g.*, *Oriental-Decor.com Inc.*, 2024 WL 78243, at *4 (no allegations as to plaintiff's "interest in purchasing goods from Defendant . . . , why these particular [goods] are unique, or why he desires to buy them from Defendant's website as opposed to others"); *Loadholt v. Game Goblins, LLC*, No. 22-cv-07367 (AT), 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (plaintiff "does not explain what board games he is interested in, whether Defendant is the only retailer who sells those games, or why he will return to Defendant to purchase them as soon as the accessibility barriers are cured"); *Cromitie*, 2023 WL 5390437, at *3 (plaintiff's interest in "cloth tablecloths and dinner napkins" fails to allege specific factual details about any particular product on the defendant's website); *Zinnamon*, 2023 WL 3511123, at *2 (no allegations as to why the plaintiff needs or wants jewelry, or whether he looked for comparable jewelry elsewhere); *Tavarez-Vargas v. Annie's Publ'g*, No. 21-cv-09862 (AT), 2023 WL 2499966, at *3 (S.D.N.Y. Mar. 14, 2023) (no allegations about plaintiff's past frequency of visits, her interest in the defendant's products, "whether Defendant is the only retailer who will sell the [product] she is looking for, or why she will unequivocally return to Defendant to purchase that [product] as soon as the accessibility barriers are cured"); *Dungarees, Inc.*, 2023 WL 2024792, at *3 ("Plaintiff does not allege the genesis for his sudden need or want for 'belts' and 'jackets,' or that [the defendant] is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point."). Here, Feliz's

allegations are similarly lacking in specificity about her past visits to IHealth's website, the reasoning behind her desire for COVID-19 tests, and an explanation of her need to purchase those tests from Defendant's website.

By contrast, Feliz's complaint is decidedly less specific than those deemed to have established standing by other courts in this Circuit following *Calcano*. *See, e.g.*, *Davis*, 2023 WL 4364465, at *6 (plaintiff "alleges that he has visited the Website on five prior occasions in order to purchase organic honey sunflower butter and details the dates of those visits"; "alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food"; and "alleges why Plaintiff would be interested in this honey butter in particular"); *Guerrero v. Ogawa USA Inc.*, No. 22-cv-02583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (plaintiff "states [she] wants to purchase a unique, differentiated and highly valuable Ogawa [massage chair] and has tried to do so on three specific dates"); *Chalas v. Barlean's Organic Oils, LLC*, No. 22-cv-04178 (CM), 2022 WL 17156838, at *1, *3 (S.D.N.Y. Nov. 22, 2022) (noting that plaintiff described visiting the defendant's website on three separate occasions, that plaintiff's "specific purpose in visiting Defendant's website was to buy the Stomach Repair supplements for her cousin after hearing that this product in particular could relieve her cousin's issue," and that plaintiff "wanted to – and continues wish to – buy from Defendant's website in particular" because the defendant states on its website that it is committed to "providing the absolute highest quality products" and has received "countless awards" for its products); *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 82 (S.D.N.Y. 2022) (allegations of prior times that "Plaintiff accessed Defendant's website, the specific product Plaintiff allegedly seeks to buy, his

habit of consuming chocolate, and characteristics of Defendant's Almond Mini Bars that he finds attractive" sufficient to establish intent to return).

Feliz relies on other cases to argue that she sufficiently alleged an intent to return to the Website. Opp. at 13-14 (citing *Weekes v. Outdoor Gear Exch., Inc.*, No. 22-cv-01283 (ER), 2023 WL 2368989 (S.D.N.Y. Mar. 6, 2023); *Sanchez v. NutCo, Inc.*, No. 20-cv-10107 (JPO), 2022 WL 846896 (S.D.N.Y. Mar. 22, 2022); *Quezada v. U.S. Wings, Inc.*, No. 20-cv-10707 (ER), 2021 WL 5827437 (S.D.N.Y. Dec. 7, 2021); *Lopez v. Arby's Franchisor, LLC*, No. 19-cv-10074 (VSB), 2021 WL 878735 (S.D.N.Y. Mar. 8, 2021); and *Dominguez v. Pizza Hut of Am., LLC*, No. 19-cv-10175 (MKV), 2020 WL 3639977 (S.D.N.Y. July 6, 2020)). However, these cases either predate or make no reference in their intent-to-return analysis to *Calcano*, which "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Oriental-Decor.com Inc.*, 2024 WL 78243, at *4 (quoting *Dungarees*, 2023 WL 2024792, at *2); *accord Tavarez-Vargas*, 2023 WL 2499966, at *2; *see Cromitie*, 2023 WL 5390437, at *3 n.3 (distinguishing plaintiff's cited cases because they predated *Calcano*). To the extent that Feliz relies on her supplemental authority, *Donet v. Isamax Snacks, Inc.*, No. 23-cv-01286 (PAE) (SDA), 2023 WL 6065626, (S.D.N.Y. Aug, 14, 2023), *report and recommendation adopted*, 2023 WL 6066167 (S.D.N.Y. Sept. 18, 2023), she does so only to suggest that she has stated a claim under the ADA, *see* ECF No. 27.

Therefore, Feliz fails to allege standing to bring her ADA claim.[1] Because Plaintiff's NYCHRL claim is "governed by the same standing requirements as the ADA," *Mendez v. Apple*

---

[1] IHealth also argues that it has addressed the Website's purported accessibility issues, that the Court lacks personal jurisdiction over IHealth, and that Feliz fails to state a claim under the ADA. *See* Br. at 4-11. Because the Court finds that Feliz lacks standing, it need not address these issues. *See Disability Advocs., Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 156 (2d Cir. 2012) (noting that "standing is the threshold question in every federal case"

*Inc.*, No. 18-cv-07550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019), she also fails to allege standing to obtain injunctive relief under the NYCHRL.  Unlike the ADA, the NYCHRL provides for compensatory and punitive damages.  N.Y.C. Admin. Code §§ 8-120(a)(8), 8-126(a), 8-502(a).  But with the dismissal of Feliz's only claim under federal law, the Court declines to exercise supplemental jurisdiction over Feliz's NYCHRL claim for monetary relief.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [once] the district court has dismissed all claims over which it has original jurisdiction"); *Calcano*, 36 F.4th at 78 (affirming dismissal of ADA claims for lack of standing and finding that "the district court acted within its discretion in declining to exercise supplemental jurisdiction over Plaintiffs' state and local law claims"); *Oriental-Decor.com Inc.*, 2024 WL 78243, at *6 (declining to exercise supplemental jurisdiction over NYCHRL claims given dismissal of ADA claim).[2]

## CONCLUSION

For the reasons stated above, IHealth's motion is GRANTED, and Plaintiff's First Amended Complaint is DISMISSED without prejudice and without leave to amend.[3]

---

(quotation marks and citation omitted)).

[2] The Court also dismisses Feliz's request for declaratory judgment, FAC ¶¶ 64-66, because it "parallels [her] other claims and merely seeks a declaration of the same rights and obligations." *Game Goblins, LLC*, 2023 WL 6066220, at *3 n.3 (citation omitted).

[3] "[W]here, as here, 'a complaint is dismissed for lack of Article III standing, the dismissal *must* be without prejudice rather than with prejudice.'"  *Harty*, 28 F.4th at 445 (quoting *Faculty v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021)).  Although a "court should freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), Feliz has not "requested an opportunity to amend in the event of a dismissal," *Harty*, 28 F.4th at 445.  Therefore, the Court declines to grant Plaintiff leave to amend her First Amended Complaint.  *See id.* ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice.  That is because a dismissal without prejudice, even one denying leave to amend, does not preclude another action on the same claims, whereas a dismissal with prejudice is a ruling on

  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 19 and to close the case.

Dated: January 30, 2024
   New York, New York

                   SO ORDERED.

                   *Jennifer Rochon*
                   JENNIFER L. ROCHON
                   United States District Judge

---

the merits that precludes a plaintiff from relitigating – in any court, ever again – any claim encompassed by the suit." (quotation marks and citations omitted)).